```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

LOCAL #46 METALLIC LATHERS UNION AND
REINFORCING IRON WORKERS WELFARE            ORDER ADOPTING REPORT
TRUST, ANNUITY FUND, PENSION FUND,          AND RECOMMENDATION
APPRENTICESHIP FUND, VACATION FUND,
SCHOLARSHIP FUND and OTHER FUNDS and
TERRENCE MOORE in his fiduciary             12-CV-4218 (KAM)(RML)
capacity as Trustee of the LOCAL #46
METALLIC LATHERS UNION AND REINFORCING
IRON WORKERS 12 WELFARE TRUST, ANNUITY
FUND, PENSION FUND, APPRENTICESHIP
FUND, VACATION FUND, SCHOLARSHIP FUND
and other FUNDS,

        -and-

TERRENCE MOORE, as Business Manager of
the LOCAL #46 METALLIC LATHERS UNION
AND REINFORCING IRON WORKERS and in
his fiduciary capacity as a Trustee of
the POLITICAL ACTION FUND and IRON
WORKERS POLITICAL EDUCATION FUND,

                    Plaintiffs,

     -against-

CROPS DESIGN CORP.,

                    Defendant.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On August 23, 2012, plaintiffs commenced this action against defendant Crops Design Corp., pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1191c, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, seeking to recover unpaid fringe benefit contributions and

union dues, along with interest, liquidated damages, attorneys' fees, and costs.  (*See generally* ECF No. 1, Compl.)

Despite having been properly served, defendant failed to timely answer or otherwise move with respect to the complaint.  (*See* ECF No. 6, Clerk's Entry of Default.)  Plaintiffs thereafter moved for a default judgment against defendant, seeking damages, interest, fees, and costs.  (*See* ECF No. 7, Mot. for Default J.)

On April 1, 2013, the court referred this matter to Magistrate Judge Robert M. Levy for a Report and Recommendation.  (*See* Order Referring Mot., Apr. 1, 2013.)  On September 11, 2013, Judge Levy issued a Report and Recommendation recommending that the court grant plaintiffs' motion and award damages, interest, attorneys' fees, and costs against defendant.  (*See* ECF No. 16, Report and Recommendation ("R&R") at 11.)  The Report and Recommendation also directed plaintiffs to serve a copy of the Report and Recommendation on defendant. (*Id.*)  On that same day, the court directed plaintiffs' counsel to serve defendants with a copy of Judge Levy's Report and Recommendation, and to file proof of service via ECF, no later than September 12, 2013.  (Order, Sept. 11, 2013.)  On September 12, 2013, plaintiffs' counsel filed an affidavit of service indicating that a copy of the Report and Recommendation was sent to defendant via the United States Postal Service on that same day.  (*See* ECF No. 17, Aff. of

2

Service.)

The Report and Recommendation notified the parties of the right to file written objections within fourteen (14) days of its issuance. (R&R at 11.) Accordingly, the deadline for defendant to file objections to the report was September 26, 2013. To date, no objections to the Report and Recommendation have been filed. (*See generally* Docket No. 12-CV-4218.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The court has carefully reviewed the record and Judge Levy's well-reasoned Report and Recommendation and affirms and adopts the damages calculations set out in the Report. The court will direct that judgment be entered against defendant Crops Design Corp. for the following items, provided plaintiff's counsel submits additional information as provided below:

(1) $417,431.70 in unpaid contributions;

  (2) interest on unpaid contributions at a rate of twelve percent (12%) per annum, as mandated by Article XII(11)(b) of both the 2005 and 2008 Collective Bargaining Agreements, for the period between July 1, 2009, the approximate midpoint of defendant's period of delinquency, and the date that final judgment is entered;

  (3) $17,872.71 in unpaid union dues;

  (4) interest on unpaid union dues a rate of nine percent (9%) per annum for the period between July 1, 2009, the approximate midpoint of defendant's period of delinquency, and the date that final judgment is entered;

  (5) $83,486.34 in liquidated damages;

  (6) $1,400.00 in attorneys' fees upon submission of contemporaneous time records; and

  (7) $450 in costs.

 By October 8, 2013, plaintiff shall submit to the court an order of judgment including the above damages, as well as precise calculations of the amount of interest to be awarded for the items in (2) and (4) above. Further, by October 8, 2013, plaintiff's counsel shall also provide contemporaneous time records for the hours expended on the case, as required by *New York State Association for Retarded Children v. Carey*, 711 F.2d

1136, 1147 (2d Cir. 1983), to support the fees requested in item (6) above.

Plaintiff's counsel is directed to serve a copy of this order upon defendant and file proof of service by October 1, 2013 and to serve the proposed order of judgment upon defendant and file proof of that service by October 8, 2013.

**SO ORDERED.**

Dated:   September 30, 2013
         Brooklyn, New York

                                          ___/s/_____
                                          Kiyo A. Matsumoto
                                          United States District Judge

5